# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM JOHN ZWIEBEL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:06-CR-720-DAK<br><br>Honorable Dale A. Kimball |

This matter is before the court on Defendant William John Zwiebel's Motion for Early Termination of Supervised Release. On October 30, 2006, Mr. Zwiebel pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A. In his plea agreement, Mr. Zwiebel admitted that he possessed over 600 images of child pornography, including images of prepubescent minors involved in sexual conduct. On September 17, 2007, the court sentenced Mr. Zwiebel to 63 months of incarceration followed by a term of supervised release of 120 months.

On December 16, 2016, Mr. Zwiebel filed a Motion for Early Termination of Supervised Release. At that point, Mr. Zwiebel had completed approximately 60 months of his 120-month term of supervised release. On March 31, 2017, the United States filed an Objection to Mr. Zwiebel's motion.

Under 18 U.S.C. § 3583(e), a court may terminate a defendant's term of supervised release early if a defendant has completed at least one year of supervised release and if the court is satisfied such action is (1) "warranted by the conduct of the defendant" and (2) in "the interest

of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the court must consider some of the factors set forth in 18 U.S.C. § 3553(a), to the extent applicable. 18 U.S.C. § 3583(e). The factors a court must consider include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> . . .
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> . . .
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant.

18 U.S.C. § 3553(a).

Although the court is being asked to decide whether to grant Mr. Zwiebel's request for early termination of supervised release, the court is bound by statute to consider the broader effects of its decision. The court's obligation extends beyond Mr. Zwiebel to society in general. The court's decision will affect society in the message it sends about the seriousness of Mr. Zwiebel's crime and in the level of deterrence it provides to others who may consider engaging in similar crimes. In other words, the court must consider both the specific effects of its decision on Mr. Zwiebel and the general effects of its decision on society.

As to the history and characteristics of the defendant, the court notes that Mr. Zwiebel completed a sexual offender treatment program, including completing aspects of the program above and beyond what was required for graduation; maintains productive employment; and has fully complied with the terms of his supervised release. Mr. Zwiebel has also reestablished

relationships with family and friends and appears to be positively contributing to society and to his family.

Despite Mr. Zwiebel's success in complying with the terms of his supervised release, Mr. Zwiebel committed a very serious offense. Mr. Zwiebel possessed over 600 images of child pornography, including images of prepubescent minors involved in sexual conduct. The Supreme Court has described the serious effect that child pornography has on the children involved: "It has been found that sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become the sexual abusers as adults." *New York v. Ferber*, 458 U.S. 747, 758-59 n.9 (1982). Partially due to these serious effects of child pornography, in 1998, Congress imposed harsher penalties on defendants who used computers to commit sexual offenses against children. *United States v. Robertson*, 350 F.3d 1109, 1113 (10th Cir. 2003). Senator Orrin Hatch described the purpose of this law:

> [W]e must also be vigilant in seeking to ensure that the Internet is not perverted into a hunting ground for pedophiles and other sexual predators, and a drive-through library and post office for purveyors of child pornography. . . . One step that we can take is to ensure strong penalties for those who use the Internet for these horrible purposes.

*Id.* (quoting 144 Cong. Rec. S10,522 (daily ed. Sept. 17, 1998)). The Tenth Circuit explained, "[I]f the penalties for using the computer medium are especially severe, the hope is that pedophilic predators will cease to find cyberspace such a safe and attractive hunting ground." *Id.* at 1114.

In addition to the seriousness of the offense, Mr. Zwiebel received a term of incarceration that was below the recommended guideline range. Instead of imposing a lifetime term of supervised release, which has been done in similar cases, the court also imposed a 120-month term of supervised release. Therefore, Mr. Zwiebel has already received reductions in both his

3

term of incarceration and his term of supervised release compared to recommended and available sentences.

The court concludes that, due to the seriousness of the offense committed by Mr. Zwiebel, the need to reflect the seriousness of the offense to society, and the need to deter Mr. Zwiebel and society from engaging in similar criminal conduct; Mr. Zwiebel's Motion for Early Termination of Supervised Release should be denied despite Mr. Zwiebel's consistent compliance with the programs and terms of his supervised release. The court notes that Mr. Zwiebel can resubmit a motion for early termination of supervised release after more time has passed, and the court can reconsider the motion at that time. The court recommends that Mr. Zwiebel allow at least 90 months of his 120-month term to pass before submitting another motion for early termination.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release is DENIED without prejudice.

DATED this 24th day of April, 2017.

BY THE COURT:

DALE A. KIMBALL
United States District Judge