IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>WILLIAM JOHN ZWIEBEL,<br><br>　　　Defendant. | MEMORANDUM DECISION AND ORDER REGARDING SEX OFFENDER REGISTRATION PERIOD<br><br>Case No. 2:06CR720 DAK<br><br>Judge Dale A. Kimball |

　　　Defendant William John Zwiebel has moved the court for an order reducing his sex offender registration requirement from fifteen years to ten years under the Sex Offender Registration and Notification Act ("SORNA"). The United States opposes the motion, maintaining that the court does not have jurisdiction to reduce the registration period. The court finds that it has jurisdiction to grant the petition and that Mr. Zwiebel is hereby relieved from his duty to register under SORNA because he has maintained a clean record for ten years and is therefore entitled to a reduction in the duration of his registration obligation from fifteen to ten years.

## BACKGROUND

　　　On October 30, 2006, Mr. Zwiebel pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to 63 months of imprisonment followed by a term of 120 months of supervised release. He was also ordered to participate in a sex-offender treatment program and to register with the state sex offender registration agency in the state where he resides, as directed by his probation officer. Mr. Zwiebel served

his prison term and began his term of supervised release on October 21, 2011. His term of supervised release was successfully terminated approximately two years early, on July 16, 2019.

As a result of this conviction, Mr. Zwiebel was required to register as a Tier I sex offender for 15 years in the jurisdiction in which he resides. This duty is established by 34 U.S.C. § 20913, part of SORNA. Through the instant motion, Mr. Zwiebel seeks to reduce the duration of his sex offender registration duty from fifteen years to ten years under the "clean record" provision of SORNA. *See* 34 U.S.C. § 20915(b).

## DISCUSSION

As the sentencing court in this matter, the court maintains jurisdiction to decide this petition. *See United States v. Stovall*, No. 06-cr-286-REB, 2021 WL 5086067, at *1 (D. Colo. November 2, 2021) (concluding that the court has jurisdiction to resolve a motion to reduce duty to register under SORNA because "federal district courts address in closed criminal cases the collateral consequences of a criminal conviction"); *see also United States v. Kite*, No. 5:05-cr-0022, 2023 WL 1956687 (W.D. Va. Jan. 13, 2023) (terminating defendant's obligation to register under SORNA because defendant maintained clean record for ten years); *United States v. Davenport*, No. CR-06-06-M-DWM, 2022 WL 4547652 (D. Mont. Sept. 29, 2022) (same) *United States v. Templin*, 354 F. Supp.3d 1181 (D. Montana 2019) (same).[1]

---

[1] Other courts have granted similar motions, but the Orders are not found on public databases such as Westlaw or Lexis. *See*, *e.g.*, *United States v. William Francis Powell Melden*, 5:04-CR-00136, ECF No. 97 (E.D.N.C. 2018); *United States v. Ronald O. Davidovic*, 1:04-CR-20771, ECF No. 23 (S.D. Fla. 2018); and *United States v. McClamma*, 5:05-CR-46, ECF No. 188 (M.D. Fla. 2022).

There is no dispute that Mr. Zwiebel is a tier I sex offender under SORNA. Generally, a tier I sex offender's full registration period ends 15 years after release from custody, which, in this case, would be in 2026. Under 34 U.S.C. § 20915, however, the registration period of a tier I sex offender "shall be" reduced from 15 years to 10 years if the sex offender maintains a clean record for ten years. 34 U.S.C. § 20915(b)(2)-(3). A "clean record" means:

(A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;

(B) not being convicted of any sex offense;

(C) successfully completing any periods of supervised release, probation, and parole; and

(D) successfully completing an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.

34 U.S.C. § 20915(b)(1).

In this case, Mr. Zwiebel satisfies the definition of maintaining a clean record for ten years because has not been convicted of any offense, he has successfully completed his term of supervised release, and he successfully completed a state-certified sex offender treatment program. Therefore, his duty to register under SORNA must be terminated. Mr. Zwiebel has not moved to terminate his registration obligation under state law, and he specifically acknowledges that he must petition the state court for relief from the registration requirements imposed under Utah law.

## CONCLUSION

For the foregoing reasons, Mr. Zwiebel's Motion for Reduction of Sex Offender Registration Period [ECF No. 70] is GRANTED. Mr. Zwiebel is entitled to a reduction of the duration of his SORNA registration requirement from fifteen to ten years. Because he has

completed the ten-year registration period, his duty to register under SORNA is hereby terminated.

DATED this 13th day of March, 2023

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge